Robert Samuel EAKES, Petitioner–
Appellant,

v.

Warden McCALL, Respondent–
Appellee.

No. 12–7761.

United States Court of Appeals,
Fourth Circuit.

Submitted: July 9, 2013.

Decided: July 18, 2013.

John J. Korzen, Wake Forest Universi-
ty, Winston–Salem, North Carolina, for
Appellant. Melody Jane Brown, Assistant
Attorney General, Columbia, South Car-
olina, for Appellee.

Before NIEMEYER and SHEDD,
Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

On October 10, 2012, Robert Samuel
Eakes appealed the district court's orders
denying relief on his 28 U.S.C. § 2254
(2006) petition and denying his Fed.
R.Civ.P. 59(e) motion. On June 11, 2013,
we granted Eakes leave to proceed in for-
ma pauperis, granted a certificate of ap-
pealability on one of the issues raised in
his informal brief, and appointed counsel
on Eakes' behalf. When Eakes' appointed
counsel attempted to contact Eakes, he
discovered that Eakes had died of natural
causes on November 21, 2012, shortly after
Eakes noted his appeal but before we
granted a certificate of appealability.
Eakes' counsel promptly filed a suggestion
of death, see Fed. R.App. P. 43(a)(1), and
we directed the parties to provide their
views on how this case should proceed.

Because Eakes had passed away at the
time we entered the June 11 order, we
vacate that order, deny Eakes leave to
proceed in forma pauperis, deny a certifi-
cate of appealability, and dismiss the ap-
peal as moot. See Hailey v. Russell, 394
U.S. 915, 915, 89 S.Ct. 1200, 22 L.Ed.2d
473 (1969) (concluding that habeas petition
rendered "moot[ ] by reason of [the] death
of petitioner"); McMillin v. Bowersox, 102
F.3d 987, 987 (8th Cir.1996) ("Since [peti-
tioner's] imprisonment ended upon his
death, and there can be no future collater-
al consequences flowing from his imprison-
ment, his collateral attack is moot.").
Moreover, having now denied a certificate
of appealability, we decline Eakes' coun-
sel's invitation to vacate the district court's
order and remand with instructions to dis-
miss Eakes' § 2254 petition as moot, as we
are without jurisdiction to do so. See Mil-
ler–El v. Cockrell, 537 U.S. 322, 335–36,
123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)
(holding that issuance of certificate of ap-
pealability is "jurisdictional prerequisite"
to appellate court's review of denial of
habeas relief); Krantz v. United States,
224 F.3d 125, 127 (2d Cir.2000) (declining
to vacate district court's habeas ruling and
remand with instructions to dismiss as
moot because court of appeals "did not
have appellate jurisdiction at the time of
petitioner's death [as] a certificate of ap-
pealability had not yet issued").

We dispense with oral argument because
the facts and legal contentions are ade-
quately presented in the materials before

this court and argument would not aid the decisional process.

*DISMISSED.*